IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRENT COLLINS #1357106 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv614 |
| 188TH JUDICIAL DISTRICT COURT, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Brent Collins, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Collins complains that he was sent to an intermediate sanction facility on March 6, 2003, for failure to report, failure to follow instructions, changing his residence, failure to attend sex offender counseling, and failure to pay his parole supervision fees. On January 1, 2004, he was released from this facility and sent to the Gregg County Jail. He remained in the jail for two years and 54 days, and then went to prison on March 31, 2006, allegedly for the same offense for which he had previously gone to the intermediate sanction facility.

Collins attached documents to his complaint showing that August of 2003, the Board of Pardons and Paroles ordered that he be sent to an intermediate sanction facility. He was released from this facility on January 13, 2004, and sent to Gregg County, where he was ordered to report to the parole officer within 24 hours of his release. On January 17, 2004, a parole violator's warrant

1

was issued. On January 26, 2006, Collins was indicted for failing to register as a sex offender, and he pleaded guilty to this charge on February 27, 2006, receiving a sentence of 20 years in prison.

After review of the pleadings, the Magistrate Judge issued a Report on March 8, 2011, recommending that the lawsuit be dismissed. The Magistrate Judge first observed that Collins had failed to pay an initial partial filing fee of $3.00, as required by 28 U.S.C. §1915(b), and so had failed to prosecute his case. Additionally, the Magistrate Judge stated that the sole named defendant in the lawsuit is the 188th Judicial District Court, which is a sub-entity of Gregg County and thus cannot be sued in its own name. To the extent that Collins may have intended to sue the presiding judge of the court, the Magistrate Judge said that such a claim would be unavailing because the doctrine of judicial immunity protected the judge from damages liability.

The Magistrate Judge then went on to say that Collins' claims appear to implicate the fact or legality of his conviction, and the Supreme Court has said that such claims cannot be undertaken in a Section 1983 lawsuit until that conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question through the issuance of a federal habeas corpus writ. Because Collins made no such showing, the Magistrate Judge recommended dismissal on this basis as well.

Finally, the Magistrate Judge stated that to the extent that Collins seeks release from confinement, such relief is not available through the vehicle of a Section 1983 lawsuit, but must be sought through an application for the writ of habeas corpus, once all available state remedies have been exhausted.

Collins received a copy of the Magistrate Judge's Report on March 15, 2011, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 8) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. However, the dismissal of this lawsuit is without prejudice to Collins' right to challenge his conviction through any lawful means, including state or federal habeas corpus proceedings, and also without prejudice to his right to challenge any alleged civil rights violations implicating the legality of his conviction, once this conviction has been reversed or otherwise set aside. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strike List for the Eastern District of Texas.

**SIGNED this 6th day of May, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE